UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| In RE: | : | |
| | : | Case No. 13-76000-MHM |
| ERIC T. MILLER, | : | Chapter 13 |
| Debtor | : | |

### RESPONSE TO DEBTOR'S MOTION TO RECONSIDER AND VACATE DISMISSAL

COMES NOW, OAKMONT HOLDINGS, LLC, ("Oakmont") the owner of 3606 Bouldercrest Rd, Ellenwood, GA, ("Bouldercrest"), and files this its response to Debtor's Motion to Reconsider and Vacate Dismissal and respectfully shows the Court as follows:

1.

Debtor filed the instant petition on December 2, 2013, a mere four days before his right to redeem, or buy back, Bouldercrest from Oakmont was extinguished.

2.

Debtor's plan purported to extend the time for Debtor to buy back Bouldercrest from Okamont beyond the time allowed under state law and allowed Debtor to make payments towards redeeming the property over the life of the Debtor's bankruptcy plan, something that has specifically been rejected by at least two Circuit Courts and recently rejected by Judge Mullins in this District.  See *Johnson v. First Nat'l Bank of Montevideo*, 719 F.2d 270 (8th Cir. 1983), cert. denied, 465 U.S. 1012; *In re Canney*, 284 F.3d 362 (2nd Cir., 2002); *In re: Edwards*, 14-51366-CRM, Docket No. 35.

3.

Over 10 months after his case was filed, Debtor's case was confirmed on September 18, 2014, yet was dismissed just two months later on November 20, 2014 due to Debtor failing to make even the first two post-confirmation payments.

4.

As Debtor's failure to make the October and November plan payments shows, Debtor's case is clearly not feasible and Debtor has failed to file any updated schedules showing that his income has changed sufficiently to make the plan feasible.

5.

Debtor's plan is rendered further unfeasible as the amount required to buy back Bouldercrest from Oakmont increased by $610.00 when Debtor failed to redeem the property by October 2, 2014, and by Debtor's counsel now seeking to have an additional $800.00 in attorney fees paid through the plan.

6.

Notwithstanding that the Debtor's case was filed over a year ago, that it has been the titled owner of Bouldercrest for over two years, and that it has come liable for $3,164.42 in property taxes since purchasing the property, Oakmont has yet to receive any significant payment towards the redemption amount.

7.

Oakmont submits that vacating the Court's dismissal order and reinstating a case that is fundamentally not feasible and that contains provisions in conflict with state law and the bankruptcy code is clearly not in the best interest of creditors.

WHEREFORE, Oakmont respectfully requests this Court deny Debtor's Motion to Reconsider and Vacate Dismissal and grant such other and further relief as the Court may deem just and proper.

Respectfully submitted this _12th___ day of December, 2014.

/s/ E. Berk Sauls
E. Berk Sauls, Esq.
Georgia State Bar No. 627059
6309 Compass Drive
Flowery Branch, Georgia 30542
Tel. (404) 372-6702
lawdawg01@gmail.com

## CERTIFICATE OF SERVICE

  I, E. Berk Sauls, certify that on the _12th_ day of December, 2014, I caused a copy of the Response to Debtor's Motion to Reconsider and Vacate Dismissal to be filed in this proceeding by electronic means and to be served by depositing a copy of the same in the United States Mail in a properly addressed envelope with adequate postage thereon to the said parties as follows:

Mario "Marty" L. Atkins
3401 Norman Berry Dr.
Suite 226
Atlanta, GA 30344

Eric T Miller
3606 Bouldercrest Rd.
Ellenwood, GA 30294

Adam M. Goodman
Chapter 13 Trustee
Suite 200
260 Peachtree Street
Atlanta, GA 30303

This _12th_ day of December, 2014.

                                      /s/ E. Berk Sauls
                                      E. Berk Sauls, Esq.
                                      Georgia State Bar No. 627059
                                      6309 Compass Drive
                                      Flowery Branch, Georgia 30542
                                      Tel. (404) 372-6702
                                      lawdawg01@gmail.com